ALAN G. HICKS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hicks v. Commissioner
Docket No. 21929-82.
United States Tax Court
T.C. Memo 1983-496; 1983 Tax Ct. Memo LEXIS 292; 46 T.C.M. (CCH) 1135; T.C.M. (RIA) 83496; August 17, 1983. Joseph T. Chalhoub, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned pursuant to the provisions of section 7456(c) and Rules 180 and 181 [1] to Special Trial Judge John J. Pajak for the purpose of considering and ruling on respondent's motion for summary judgment. After reviewing the record, we agree with and adopt his opinion which is set forth below. *293 OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's motion for summary judgment filed on February 28, 1983. A hearing on the motion was conducted in Washington, D.C., on June 8, 1983. There was no appearance by or on behalf of petitioner, nor has the Court received any response to the motion. Respondent appeared by his counsel and argued in support of his motion. At the conclusion of the hearing the matter was taken under advisement. Respondent determined deficiencies of income tax and statutory additions to tax as follows: Additions to Tax [2]
Year
Deficiency
Section 6653(b)
Section 6654(a)
1975
$2,510.31
$1,255.15
$108.29
1976
$5,282.70
$2,641.35
$198.59
Petitioner filed a petition with this Court in which he alleged error in each of respondent's determinations. Respondent filed an answer in which he denied the substantive allegations of the petition *294 and affirmatively alleged fraud on the part of petitioner for both the years 1975 and 1976. Since petitioner did not file a reply, respondent filed a motion for entry of an order that the undenied allegations of fact in the answer be deemed admitted pursuant to Rule 37(c). On January 19, 1983, a hearing on respondent's motion was conducted in Washington, D.C. There was no appearance by or on behalf of petitioner nor did he otherwise respond to respondent's motion. The Court, on January 19, 1983, entered an order which granted respondent's motion and deemed admitted "the undenied affirmative allegations of fact contained in paragraphs 6.(a) through (at) and 7.(a) through (k) of respondent's answer." These paragraphs are incorporated herein in their entirety by this reference and we see no need to detail them here. The facts deemed admitted by this Court on January 19, 1983, are more than sufficient to impose on petitioner the liability for the underlying deficiencies and the additions to tax under section 6654(a). The deemed admissions clearly establish among other things that: (1) petitioner failed to file proper income tax returns for 1975 and 1976 prior to the issuance *295 of the statutory notice on June 14, 1982; [3] (2) petitioner received taxable income from the operation of a veterinarian clinic as a sole proprietorship during both 1975 and 1976; (3) petitioner understated his taxable income for those years by $7,539.03 and $15,598.80, respectively; and (4) that beginning in 1975, petitioner ceased making estimated tax payments. Accordingly, we hold as a matter of law that petitioner is liable for the deficiencies and the section 6654(a) additions to tax in the amounts set forth in the notice of deficiency. See . *296 We now turn to the section 6653(b) additions to tax for fraud. [4] Section 6653(b) provides in pertinent part that: "If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment." The existence of fraud is a question of fact to be gleaned from the entire record. , affd. without published opinion ; . Respondent has the burden of proving fraud by clear and convincing evidence. Section 7545(a); Rule 142(b). In , this Court held that *297 respondent is entitled to rely on deemed admissions in satisfying his burden of proof. In the present case the deemed admissions clearly establish fraud on the part of petitioner for both 1975 and 1976. In addition to the facts set forth above, these admissions establish that petitioner had filed returns for years prior to 1975. Thus, it is clear that petitioner was aware of his obligation to file and to pay the required taxes. The facts also establish that during the years in issue petitioner took affirmative steps to conceal his financial transactions from respondent including purchasing large amounts of cashier's checks and refusing to supply any information to respondent's agents. All of the above facts coupled with the deemed admissions of the ultimate issue of fraud compel us to conclude that respondent has met his burden of proof on this issue. [5]
To reflect the foregoing, An appropriate order and decision will be entered. *298 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All references to a Rule are to the Tax Court Rules of Practice and Procedure.↩
2. The answer filed by respondent alternatively asserted that petitioner is liable in both 1975 and 1976 for a 25 percent addition to tax under section 6651(a) and a five percent addition to tax under section 6653(a).↩
3. On or about June 14, 1976, petitioner mailed to respondent a Form 1040 for the taxable year 1975. He reported no income (other than $2,829.00 of "income other than wages, dividends and interest"), no deductions and reported a tax liability of $25.00. On each of the lines provided for reporting wages, dividends and interest, petitioner wrote: "Objection: Self Incrimination:" This was not a proper return. . On or about July 10, 1977, petitioner filed an "AMENDED" Form 1040 for 1975 with respondent on which he reported no income, deductions or tax liability. Instead objections to providing the required information on various Constitutional grounds were listed on the form. A similar Form 1040 was filed with respondent at the same time covering petitioner's taxable year 1976. It is obvious that these documents did not constitute proper returns. ; .↩
4. In , affd. without published opinion , in finding that fraud had not been proved for petitioner's 1974 taxable year, this Court specifically stated that: "We express no opinion as to what, if any, conclusion might appropriately be reached in this regard for subsequent years, since they are not before us."↩
5. In view of our holding, we need not address the additions to tax under sections 6651(a) and 6653(a) asserted by respondent in his answer. See section 6653(d) and section 6653(b)(3).↩